## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO. |
| | ) | |
| v. | ) | |
| | ) | (                    , J.) |
| MICHAEL A. GANTZ , | ) | |
| | ) | |
| Defendant. | ) | (ELECTRONICALLY FILED) |

## P L E A   A G R E E M E N T

The following Plea Agreement is entered into by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant. Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1.    Waiver of Indictment/Plea of Guilty. The defendant agrees

to waive indictment by a grand jury and plead guilty to a felony

Information which will be filed against the defendant by the United

States Attorney for the Middle District of Pennsylvania. That

Information will charge the defendant with a violation of Title 18,

United States Code, Section 666, theft concerning programs receiving federal funds. The maximum penalty for that offense is imprisonment for a period of ten (10) years, a fine of $250,000, a maximum term of supervised release of three (3) years, to be determined by the Court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and an assessment in the amount of $100.00. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in the Information. The defendant agrees that the United States may, at its sole election, reinstate any dismissed counts or seek additional charges in the event that the charge to which the defendant has pleaded guilty pursuant to this Agreement are subsequently vacated, set aside, or invalidated by the district court or an appellate court. The defendant further agrees to waive any defenses to reinstatement of these charges or additional charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation

of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2.    <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above.  However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B.    <u>Fines and Assessments</u>

3.    <u>Fine</u>.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

4.   Alternative Fine.  The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

5.   Inmate Financial Responsibility Program.  If the Court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

6.   Special Assessment.  The defendant understands that the Court will impose a special assessment of $100.00 pursuant to the provisions of Title 18, United States Code, Section 3013.  Not later than

-4-

the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania. If the defendant intentionally fails to make this payment this failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

7. <u>Collection of Financial Obligations</u>. In order to facilitate the collection of financial obligations to be imposed in connection with this case, defendant consents and agrees to the following:

(a) to fully disclose all assets in which defendant has an interest or over which defendant has control, directly or indirectly; including those held by a spouse, nominee, or other third party;

(b) to submit to interviews by the Government regarding the defendant's financial status;

(c) to submit a complete, accurate and truthful financial statement on the form provided by the Government to the

United States Attorney's Office not later than 14 days
following entry of the guilty plea;

(d)     whether represented by counsel or not, to consent to contact
by and communication with the Government, and to waive
any prohibition against communication with a represented
party by the Government  regarding defendant's financial
status;

(e)     to authorize the Government to obtain the defendant's credit
reports in order to evaluate the defendant's ability to satisfy
any financial obligations imposed by the Court;

(f)     to submit any financial information requested by the
Probation Office as directed and to the sharing of financial
information between the Government and the Probation
Office.

C.  Sentencing Guidelines Calculation

8.     Acceptance of Responsibility– Two/Three Levels.  If the
defendant can adequately demonstrate recognition and affirmative
acceptance of responsibility to the Government as required by the

Sentencing Guidelines, the Government will recommend that the defendant receive a two [three]-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the Court to find that the defendant is entitled to a two [three]-level reduction shall not be a basis to void this Plea Agreement.

9.  No Recommendation of Sentence. At the time of sentencing, the United States will make no specific recommendation as to the length or type of sentence. However, the United States reserves the right to rebut any defense argument that the Probation Office has erred in its calculation of the appropriate Guideline range. Further, the United States will recommend that the sentence imposed be within the applicable guideline range.

10.  Special Conditions of Probation/Supervised Release. If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

(a)    The defendant be prohibited from possessing a firearm or other dangerous weapon.

(b)    The defendant make restitution, if applicable, payment of which shall be in accordance with a schedule to be determined by the Court.

(c)    The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

(d)    The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

(e)    The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

(f)    The defendant be confined in a community treatment center, halfway house, or similar facility.

(g)    The defendant be placed under home confinement.

(h)    The defendant be ordered to perform community service.

(i)    The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

(j)    The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

(k)    The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

(l)    The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

(m)    The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## D.  Cooperation by the Defendant

11.   <u>Full Cooperation</u>.  The defendant agrees to cooperate fully with the United States.  The defendant understands and agrees that

complete and truthful cooperation is a material condition of this Agreement. Cooperation shall include providing all information known to the defendant regarding any criminal activity, including but not limited to the offenses described in this Agreement. Cooperation will also include complying with all reasonable instructions from the United States, submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States and to testify fully and truthfully before any grand juries, hearings, trials or any other proceedings where the defendant's testimony is deemed by the United States to be relevant. This may include submitting to interviews and testifying at proceedings after defendant has been sentenced in this matter. The defendant understands that such cooperation shall be provided to any state, local and federal law enforcement agencies designated by counsel for the United States. The United States agrees that any statements made by the defendant during the cooperation phase of this Agreement shall not be used against the defendant in any subsequent prosecutions unless and until there is a determination by the Court that the defendant has

breached this Agreement. However, the United States will be free to use at sentencing in this case any of the statements and evidence provided by the defendant during the cooperation phase of the Agreement. Moreover, the parties agree that, although the defendant's statements made during the cooperation phase cannot be used against the defendant in any subsequent criminal prosecution, this provision shall not preclude the United States from requiring the defendant to submit to interviews by local, state or federal agencies which may use these statements in civil or administrative proceedings involving the defendant. The defendant waives and agrees to waive any rights under the Speedy Trial Act, and understands and agrees that sentencing may be delayed until the cooperation phase has been completed so that at sentencing the Court will have the benefit of all relevant information.

12. <u>Substantial Assistance</u>. The defendant has agreed to cooperate with the United States. Upon completion of the cooperation, if the United States believes the defendant has provided "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e) or Section 5K1.1 of the United States Sentencing Guidelines and has fully

complied with the terms of this Agreement, the United States may request the Court to depart below any applicable mandatory minimum range only, any guideline range only, or both, when fixing a sentence for the defendant. The United States specifically reserves the right to make a specific recommendation of a term of months to the Court. However, the defendant acknowledges that the United States may decline to exercise its discretion and recommend a departure if the defendant breaches any of the provisions of this Agreement, or commits any other offense or violates any condition of pre-trial release while awaiting plea or sentencing, or if the defendant's plea involved a guilty plea to an offense which reduces the defendant's maximum possible sentence below the imprisonment range otherwise called for by the Sentencing Guidelines in this case.

13. <u>Cooperation—Limitation on Self-Incriminating Information</u>. The defendant has agreed to cooperate with the United States by providing information concerning the unlawful activities of others. The United States agrees that self-incriminating information so provided will not be used against the defendant in determining the applicable

guideline range except to the extent provided in this Agreement. This provision, however, shall not be applied to restrict the use of information:

(a)     known to the United States prior to entering into the cooperation agreement;

(b)     concerning the existence of prior convictions and sentences;

(c)     in a prosecution for perjury, giving a false statement, or obstruction of justice;

(d)     in the event there is a breach of the cooperation agreement.

14.     <u>Waiver Allowing Admission of Plea Discussions and Cooperation</u>.  In the event that the defendant does not plead guilty, the plea is not accepted by the Court, or the plea is withdrawn, the defendant hereby waives any protection afforded by § 1B1.8(a) of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence and that any statements, interviews, or testimony given by the defendant as part of any efforts to cooperate with the government, including any "proffer" or "off-the-record" statements made by the defendant made in connection

with negotiations resulting in this Plea Agreement will be admissible against the defendant without limitation in any civil or criminal proceeding.

15. <u>Further Prosecution for Perjury, False Statements</u>. Nothing in this Agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this Agreement, including perjury, false declaration, or false statement, in violation of Title 18, United States Code, Sections 1621, 1623, or 1001, or obstruction of justice, in violation of Title 18, United States Code, Sections 1503, 1505, or 1510, should the defendant commit any of those offenses during the cooperation phase of this Agreement. Should the defendant be charged with any offense alleged to have occurred after the date of this Agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against the defendant in any such prosecution.

## E.  Victims' Rights and Restitution

16.  <u>Victims' Rights</u>.  The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

(a)  The right to be reasonably protected from the accused;

(b)  The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

(c)  The right not to be excluded from any such public court proceeding, unless the Court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding;

(d)  The right to be reasonably heard at any public hearing in the district court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the

victim's comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

(e)    The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

(f)    The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

(g)    The right to proceedings free from unreasonable delay; and

(h)     The right to be treated with fairness and with respect for the

victim's dignity and privacy.

17.     Restitution.  The defendant acknowledges that, pursuant to

the Mandatory Restitution Act of April 24, 1996, Title 18, United States

Code, Section 3663A, the Court is required in all instances to order full

restitution to all victims for the losses those victims have suffered as a

result of the defendant's conduct.  The defendant also agrees that the

Government will seek and the Court may impose an order of restitution

as to victims of the defendant's relevant conduct.  With respect to the

payment of restitution, the defendant further agrees that, as part of the

sentence in this matter, the defendant shall be responsible for making

payment of restitution in full, unless the defendant can demonstrate to

the satisfaction of the Court that the defendant's economic

circumstances do not allow for the payment of full restitution in the

foreseeable future, in which case the defendant will be required to make

partial restitution payments.  The defendant understands and agrees

that the Government has the obligation and the right to pursue any

legal means, including but not limited to, submission of the debt to the

Treasury Offset Program, to collect the full amount of restitution owed to the victim(s) in a timely fashion. Although the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil and/or criminal forfeiture in the amount of the victim restitution owed in this case, and the Court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the Court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legal and factual necessary for entry of a forfeiture order in this case. The parties agree that any restitution payments obtained by the United States or the victim will be applied by the United States to reduce both

the restitution obligation in this case and the amount of the outstanding forfeiture order entered by the Court. The parties further agree that the Government will recommend that any assets recovered through forfeiture proceedings be remitted to crime victims to reduce the defendant's restitution obligation in this case. The defendant acknowledges that the making of any payments does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligations. The defendant understands that the amount of restitution calculated for purposes of Chapter 5 of the Sentencing Guidelines might be different than the amount of loss calculated for purposes of Chapter 2 of the Sentencing Guidelines.

F.   <u>Information Provided to Court and Probation Office</u>

18.   <u>Background Information for Probation Office</u>.  The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's

background, character, cooperation, if any, and involvement in this or other offenses.

19. <u>Objections to Pre-Sentence Report</u>. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the Probation Officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the Court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules

of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

20. <u>Relevant Sentencing Information</u>. At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

21. <u>Non-Limitation on Government's Response</u>. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the

government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## G.  Court Not Bound by Plea Agreement

22.  <u>Court Not Bound by Terms</u>.  The defendant understands that the Court is not a party to and is not bound by this Agreement or any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for ten (10) years, a fine of $250,000, a maximum term of supervised release of up to three (3) years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.00.

23.  <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.  If the Court imposes a sentence with which the

defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the Court decline to follow any recommendations by any of the parties to this Agreement.

## H. Breach of Plea Agreement by Defendant

24. Breach of Agreement. In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations. Whether or not the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement.

25. <u>Remedies for Breach</u>. The defendant and the United States agree that in the event the Court concludes that the defendant has breached the Agreement:

(a)     The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

(b)     The United States will be free to make any recommendations to the Court regarding sentencing in this case;

(c)     Any evidence or statements made by the defendant during the cooperation phase will be admissible at any trials or sentencings;

(d)     The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

26. <u>Violation of Law While Plea or Sentence Pending</u>. The defendant understands that it is a condition of this Plea Agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and/or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

## I. Transfer of Information to IRS

27. <u>Collection Action by IRS</u>. Nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this Agreement.

## J. Other Provisions

28. <u>Agreement Not Binding on Other Agencies</u>. Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

29. <u>Plea Agreement Serves Ends of Justice</u>. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

30. <u>Merger of All Prior Negotiations</u>. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case,

and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

31. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., November 12, 2014, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

32. <u>Required Signatures</u>. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and

defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_11/19/14_
Date

_Michael A. Gantz_
MICHAEL A. GANTZ
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

_11/19/14_
Date

HEIDI R. FREESE, ESQUIRE
Assistant Federal Public Defender
Counsel for Defendant

PETER J. SMITH
UNITED STATES ATTORNEY

_11-21-14_    By: _(signature)_
Date          BRUCE BRANDLER
              ASSISTANT U.S. ATTORNEY

BB:nl/USAO No. 2014R00295
VERSION DATE: June 19, 2014